IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00099-PAB-KLM

AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,
a Missouri corporation,

      Plaintiff,

v.

DAVID A. MELLINGER, an individual,
HEATHER S. MELLINGER, an individual, and
MIS AGENCY, INC., a Colorado corporation,

      Defendants.

---

## ORDER FOR ENTRY OF DEFAULT

---

      This matter is before the Court on plaintiff's "Motion for Entry of Default of Defendant MIS Agency, Inc." [Docket No. 16]. In that motion, plaintiff sought an entry of default against defendant MIS Agency, Inc. for its failure to file a valid answer or other responsive paper to the complaint in this case. Plaintiff filed its complaint in this case on January 18, 2010 [Docket No. 1]. The complaint was personally served on all defendants on January 19, 2010. On February 18, 2010, the Mellingers filed an answer on behalf of all defendants including the corporate defendant, MIS Agency, Inc. [Docket No. 5]. No defendant was represented by counsel, so the pleading was filed *pro se* on each defendant's behalf.

      Plaintiff's motion for entry of default argued that MIS Agency, Inc.'s answer was invalid because a corporation may not appear or file pleadings in this Court without counsel. On June 10, 2010, the Clerk of the Court declined to enter default against

defendant MIS Agency Inc., noting that "[m]ovant's request for entry of default under Fed. R. Civ. P. 55(a) by the Clerk, on the basis of lack of legal representation on behalf of the corporation, is a matter reserved for judicial determination." Clerk's Note [Docket No. 17] at 1.

The Court now makes that determination. Plaintiff is correct that "a corporation must be represented by an attorney to appear in federal court." *Tal v. Hogan*, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006); *see also* D.C.COLO.LCivR 11.1 ("Only pro se individual parties and members of this court's bar may appear or sign pleadings, motions, or other papers. Any pleading, motion, or paper listing in a signature block, or purporting to enter an appearance by, any other person, partnership, professional corporation, limited liability company, or other entity may be stricken."). Because defendant MIS Agency, Inc. is a corporation, its *pro se* answer was improper and will be stricken. Furthermore, with this portion of the answer stricken, defendant has failed to file an answer or other responsive paper within the time period permitted for such action. *See* Fed. R. Civ. P. 12(a)(1) & (4). Therefore, default is properly entered against defendant MIS Agency, Inc. pursuant to Federal Rule of Civil Procedure 55(a).[1]

---

[1] On April 24, 2010, defendants David and Heather Mellinger filed a "Suggestion of Bankruptcy" [Docket No. 14] in which they indicated that they filed for bankruptcy in the District of Colorado on April 20, 2010. The bankruptcy filing did not include MIS Agency, Inc. On July 22, 2010, the Court prompted the parties to indicate their positions regarding the effect of the Mellingers' bankruptcy on the pendency of plaintiff's claim against MIS Agency, Inc. No party indicated that it believed that the automatic stay provision in the United States Bankruptcy Code, 11 U.S.C. § 362 (2006), applied to plaintiff's claims against MIS Agency, Inc. The Court concurs.

Therefore, it is

**ORDERED** that the Clerk of the Court shall enter default against defendant MIS

Agency, Inc. in this case.

DATED September 10, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge